*IN THE UNITED STATES BANKRUPTCY COURT*
*FOR THE DISTRICT OF NEBRASKA*

| IN THE MATTER OF: | ) | BK. NO.  BK 14-41037 |
| | ) | (Chapter 13) |
| NICOLAS CRUZ, | ) | |
| MARTHA P. CRUZ, | ) | **FIRST AMENDED CHAPTER 13 PLAN** |
| | ) | *and* |
| DEBTOR(S). | ) | *NOTICE OF RESISTANCE DEADLINE* |

1.    *PAYMENTS*

The Debtor or Debtors (hereinafter called "Debtor") submits to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan. The payment schedule is as follows:

| A.  Monthly Payment Amount [include any previous payments] | B. Number of Payments | Base Amount (A  X  B) |
|---|---|---|
| PAID TO DATE | | $980.00 |
| $550.00 | 54 | $29,700.00 |
| $ | | $ |

Total Plan Base Amount:  $30,680.00

The payment shall be withheld from the Debtor's paycheck:      Yes    _X_         No

Employee's name from whose check the payment is deducted:   NICHOLAS CRUZ

Employer's name, address, city, state, phone:   BEHLEN MANUFACTURING COMPANY
4025 E. 23rd STREET
COLUMBUS, NE 68601

Debtor is paid:            Weekly  X    Biweekly ☐     Twice Monthly ☐     Monthly ☐     Other ☐

This plan cures any previous arrearage in payments to the Chapter 13 Trustee under any prior plan filed in this case.

*NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS. IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THEIR EMPLOYER DEDUCTION BEGINS. IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION. THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THEIR EMPLOYER DEDUCTION BEGINS.*

2.    *ORDER OF PAYMENT OF CLAIMS*

Applicable Trustee fees shall be deducted from each payment disbursed by the Trustee. Claims shall be paid in the following order: 1) 11 U.S.C. § 1326(a)(1)(B) & (C) pre-confirmation payments for adequate protection or leases of personal property; 2) payments to secured creditors under 11 U.S.C. § 1325(a)(5), payments due on executory contracts, the Debtor's attorney fees, 11 U.S.C. § 507(a)(1)(A) priority domestic support claims and approved Chapter 7 Trustee compensation; 3) other administrative expense claims under 11 U.S.C. § 503, 4) other priority claims in the order specified in 11 U.S.C. § 507(a) including post-petition tax claims allowed under 11 U.S.C. § 1305; 5) co-signed consumer debts; 6) general unsecured claims. Unless otherwise noted, claims within each class shall be paid pro rata. If

funds remain after payment of specific monthly payments provided for in the plan, the Chapter 13 Trustee may distribute those funds to secured creditors in payment of their allowed secured claims.

3.  ***§1326(a) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS & LEASE PAYMENTS.***

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors without entry of an order of the Court. The Debtor proposing pre-confirmation payments will ***immediately*** commence plan payments to the Trustee. Creditors must file a proof of claim to receive payment. Payments by the Trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within 7 workings days prior to the end of the 30 day period. Post-confirmation payments are provided for below in Paragraphs 6 and 7 of this plan.

NONE

4.  ***ADMINISTRATIVE CLAIMS.***

Trustee fees shall be deducted from each payment disbursed by the Trustee.

Nebraska Rule of Bankruptcy Procedure 2016-1 (A)(4) and Appendix "N" provide allowance of Chapter 13 attorney fees may be included in a Chapter 13 Plan. Total fees or costs in excess of this amount must be approved through a separate fee application. Fees and costs requested for allowance are as follows:

| Total Fees Requested | Fees Received Prior to Filing | Balance of Fees to be Paid in Plan |
|---|---|---|
| $3,700.00 | $1,000.00 | $2,700.00 |
| Total Costs Requested | Costs Received Prior to Filing | Balance of Costs to be Paid in Plan |
| $200.00 | $0.00 | $200.00 |

Fees and costs allowed shall be paid at the rate of not less than $250.00 per month and shall accrue from the month in which the case is filed.

5.  ***PRIORITY CLAIMS.***

11 U.S.C. § 1322(a) provides that all claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claim under 11 U.S.C. § 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

A.  ***Domestic Support Obligations***:

1) None   X

C.  ***Domestic Support Obligations Assigned To Or Owed To A Governmental Unit Under 11 U.S.C. § 507(a)(1)(B)***:

1) None   X

D.  ***Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305***:

NONE

E. *Chapter 7 Trustee Compensation Allowed Under 11 U.S.C. § 1326(b)(3)):*

NONE

F. *Other Priority Claims:*

NONE

### 6. SECURED CLAIMS

A)(1) **Home Mortgage Claims** (including claims secured by real property which the debtor intends to retain)

Unless otherwise provided in this plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due beginning with the first due date after the case is filed and such creditor shall retain any lien securing its claim.  Any pre-petition arrearage shall be paid through this Chapter 13 plan with interest as provided below and in equal monthly payments as specified below.  The amount of pre-petition arrears is determined by the proof of claim, subject to the right of the debtor to object to the amount set forth in the claim.

| Name of Creditor | Property Description | Estimated Pre-petition Arrearage | Pre-confirmation Interest Rate & Dollar Amount Limit, if any | Post-confirma-tion Interest Rate | Monthly Payment Amount on pre-petition arrears | Total Payments on pre-petition arrears plus interest |
|---|---|---|---|---|---|---|
| 1.  Mutual of Omaha Bank | Debtor's Residence | $1,955.00 | 0.00%  $0.00 | 6.50% | PRO RATA | $2,295.11 |
| 2. | | $ | %      $ | % | $ | $ |

A)(2)  **The following claims secured by real property shall be paid in full through the Chapter 13 plan.**

NONE

B) **Post-Confirmation Payments to Creditors Secured by Personal Property**
Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (1) and (2).  If the debtor elects a different method of payment, such provision is set forth in subparagraph (3).

1) Secured Claims to which § 506 Valuation is **NOT** applicable:
Claims listed in this subsection are debts secured by a purchase money security interest in a personal motor vehicle, incurred within 910 days of filing of the bankruptcy OR debts secured by a purchase money security interest in "any other thing of value", incurred within one year prior to filing of the bankruptcy.  These claims will be paid in full with interest as provided below and in equal monthly payments as specified below:

| Name of Creditor | Property Description | Estimated Claim Amount | Pre-confirmation Interest Rate & Dollar Amount Limit, if any | Post-confirma-tion Interest Rate | Monthly Payment Amount | Total Payments plus interest |
|---|---|---|---|---|---|---|
| 1. Toyota Motor Credit Corporation | 2010 Toyota Camry | $1,586.00 | 0.00%    $0.00 | 6.25% | PRO RATA | $1,850.79 |
| 2. | | $ | %      $ | % | $ | $ |

| 3. | | $ | % | $ | % | $ | $ |
|---|---|---|---|---|---|---|---|

2) Secured Claims to which § 506 Valuation is applicable:
Claims listed in this subsection are debts secured by personal property not described in the prior paragraph of this plan, 6(B)(1).  These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below and in equal monthly payments as specified below.  The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim.  The value of the secured property is determined by the proof of claim, subject to the right of the debtor to object to such valuation.

NONE

3) Other provisions:

C) **Surrender of Property**

NONE

D) **Lien Avoidance.**

NONE

7. *EXECUTORY CONTRACTS / LEASES.*

NONE

8.  *CO-SIGNED UNSECURED DEBTS*

NONE

9. *UNSECURED CLAIMS*
A)  Allowed unsecured claims shall be paid prorata all remaining funds.

10.  *ADDITIONAL PROVISIONS*
A)    If there are no resistances/objections to confirmation of this plan or after all objections are resolved, the Court may confirm the plan without further hearing.

B)  Property of the estate, including the Debtor's current and future income, shall revest in the Debtor at the time a discharge is issued, and the Debtor shall have sole right to use and possession of property of the estate during the pendency of this case.

 C)  In order to obtain distributions under the plan, a creditor must file a proof of claim within ninety (90) days after the first date set for the Meeting of Creditors except as provided in 11 U.S.C. § 502(b)(9). Claims filed after this bar date shall be disallowed except as provided in Bankruptcy Rule 3002.

D)  Unless otherwise provided in this plan or ordered by the Court, the holder of each allowed secured claim provided for by the plan shall retain its lien securing such claim as provided in 11 U.S.C. § 1325(a)(5)(B).

**NOTICE OF RESISTANCE DEADLINE**

**ANY RESISTANCE TO THIS PLAN OR REQUEST FOR A HEARING MUST BE FILED IN WRITING WITH THE BANKRUPTCY CLERK'S OFFICE (SEE ORIGINAL NOTICE OF BANKRUPTCY FOR**

**ADDRESS) AND SERVED ON THE ATTORNEY FOR THE DEBTOR AT THE ADDRESS LISTED BELOW (OR SERVED ON THE DEBTOR, IF NOT REPRESENTED BY AN ATTORNEY), ON OR BEFORE:**

## JULY 2, 2015

**IF A TIMELY RESISTANCE OR REQUEST FOR A HEARING IS FILED AND SERVED, THE BANKRUPTCY COURT WILL HANDLE THE RESISTANCE IN ACCORDANCE WITH GENERAL ORDER NO. 07-01. IF THERE ARE NO OBJECTIONS TO THE PLAN AS FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER HEARING.**

## CERTIFICATE OF SERVICE

On February 13, 2015, the undersigned mailed a copy of this plan to all creditors, parties in interest and those requesting notice by regular United States mail, postage prepaid.  The parties to whom notice was mailed are either listed below or on the attached mailing matrix.  The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to provide service to the following:  Kathleen A Laughlin, Chapter 13 Trustee.

Dated: February 13, 2015

NICOLAS & MARTHA CRUZ, Debtors

By:      /s/  William J. Neiman
William J. Neiman # 21056
Attorney for the Debtor(s)
1470 25th Avenue
P.O. Box 457
Columbus, NE 68602-0457
Telephone (402) 564-6290
FAX (402) 564-8985
Email:  william_neiman@hotmail.com

Aaron F. Smeall
Attorney At Law
8712 W. Dodge Road, # 400
Omaha, NE  68114

Accredited Collection Service, Inc.
P.O. Box 27238
Omaha, NE  68127

Allied Interstate
P.O. Box 4000
Warrenton, VA  20188

American Express Travel Services
OA Special Research
P.O. Box 981540
El Paso, TX  79998

Asset Recovery Solutions
2200 E. Devon Avenue, Suite 200
Des Plaines, IL  60018

Atlas Acquisitions, LLC
294 Union Street
Hackensack, NJ  07601

Best Buy
Retail Services
P.O. Box 5893
Carol Stream, IL  60197

Cach, LLC
370 17th Street, Suite 5000
Denver, CO  80202

Capital One Bank
P.O. Box 30285
Salt Lake City, UT  84130

Chase
P.O. Box 15298
Wilmington, DE  19850

Citibank
P.O. Box 6500
Sioux Falls, SD  57117

Colfax County Attorney
412 E. 11th Street
Schuyler, NE  68661

Colfax County Treasurer
411 E. 11th Street
Schuyler, NE  68661

Comenity Bank
Bankruptcy Department
P.O. Box 182125
Columbus, OH  43218

Credit Bureau Services
P.O. Box 1327
Norfolk, NE  68702

Credit Collection Services, Inc.
Two Wells Avenue
Newton, MA  02459

Dillard's / GECRB
P.O. Box 103104
Roswell, GA  30076

Enhanced Recovery Company
P.O. Box 23870
Jacksonville, FL  32241

Enhanced Recovery, LLC
8014 Bayberry Road
Jacksonville, FL  32256

Eric H. Lindquist
Attorney At Law
8712 West Dodge Road, # 260
Omaha, NE  68114

Financial Recovery Services, Inc.
P.O. Box 385908
Minneapolis, MN  55438

Gap / GE Capital Retail Bank
Attn:  Bankruptcy Department
P.O. Box 103104
Rosewell, GA  30076

Integrity Solution Services, Inc.
P.O. Box 7230
Overland Park, KS  66207

J.C. Christensen & Associates
P.O. Box 519
Sauk Rapids, MN  56379

Law Offices Of Ed Overcash, LLC
37 Villa Road, Suit 507
Greenville, SC  29615

Leading Edge Recovery Solutions
5440 N. Cumberland Ave, Suite 300
Chicago, IL  60656

Leading Edge Recovery Solutions
P.O. Box 129
Linden, MI  48451

LTD Financial Services
7322 Southwest Freeway, # 1600
Houston, TX  77074

Mark A. Quandahl
Attorney At Law
4885 S. 118th Street, # 100
Omaha, NE  68137

Menards
Retail Services
P.O. Box 5893
Carol Stream, IL  60197

Merchants Credit Adjusters
Twenty Five D Building
4005 South 148th Street
Omaha, NE  68137

Merchants Credit Adjusters
17055 Frances Street, # 100
Omaha, NE  68130

Mutual Of Omaha Bank
1 Corporate Drive, Suite 360
Lake Zurich, IL  60047

Nelson, Watson & Associates
P.O. Box 1299
Haverhill, MA  01831

Professional Bureau Of Collections
Of MD
P.O. Box 628
Elk Grove, MD  95759

Robert Junso
Attorney At Law
300 North Dakota Avenue, Suite 511
Sioux Falls, SD  57104

Schuyler Memorial Hospital
Dept # 3048
P.O. Box 3366
Omaha, NE  68176

Smith, Gardner, Slusky Law
Attorneys At Law
8712 West Dodge Road, Suite 400
Omaha, NE  68114

Thomas J. Walsh, Jr.
Attorney At Law
11605 Miracle Hills Drive, Suite 205
Omaha, NE  68154

Toyota Financial Services
P.O. Box 5855
Carol Stream, IL  60197

United Collection Bureau, Inc.
5620 Southwyck Blvd, Suite 206
Toledo, OH  43614

United Consumer Financial Services
Bass & Associates, P.C.
3936 E. Ft. Lowell Road, Suite 200
Tuscon, AZ  85712